**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  22-2526 (UNA) |
| ) | |
| ) | |
| DEPARTMENT OF JUSTICE *et al*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's form Civil Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Fairfax, Virginia, has sued the U.S. Departments of Justice and Health and Human Services and a Sheriff's Office in Fairfax, Virginia, seeking "20 million dollars." Compl. at 4. Although Plaintiff checks federal question as the basis of jurisdiction, *id*. at 3, he has not invoked the U.S. Constitution or a federal law or treaty to satisfy jurisdiction under 28 U.S.C. § 1331. Under Statement of Claim, moreover, Plaintiff merely lists "harassment," "invasion of my privacy," and "false imprisonment." Compl. at 4.

Apart from the jurisdictional defect, the complaint simply fails to provide any no notice of a claim. Therefore, this case will be dismissed by separate order.

_____
Date: September 14, 2022                                    JIA M. COBB
                                                            United States District Judge

2